# SUPREME COURT OF THE UNITED STATES

_____

No. 21A772

_____

## DAVID RITTER *v.* LINDA MIGLIORI, ET AL.

ON APPLICATION FOR STAY

[June 9, 2022]

The application for stay presented to JUSTICE ALITO and by him referred to the Court is denied. The order heretofore entered by JUSTICE ALITO is vacated.

JUSTICE ALITO, with whom JUSTICE THOMAS and JUSTICE GORSUCH join, dissenting from the denial of the application for stay.

This application for a stay pending certiorari involves the counting of undated mail-in ballots in one state-court judicial election. A stay pending certiorari is appropriate only if the Court is likely to grant review; certiorari is discretionary; and the Court now denies the stay. I would agree with that decision were it not for concern about the effect that the Third Circuit's interpretation of 52 U. S. C. §10101(a)(2)(B) may have in the federal and state elections that will be held in Pennsylvania in November.

The Third Circuit's interpretation broke new ground, and at this juncture, it appears to me that that interpretation is very likely wrong. If left undisturbed, it could well affect the outcome of the fall elections, and it would be far better for us to address that interpretation before, rather than after, it has that effect. I would therefore enter a stay pending certiorari and advise that any petition for certiorari and brief in opposition should be filed expeditiously. If that is done, the Court will be in a position to grant review, set an expedited briefing schedule, and if necessary, set the case for argument in October.

To illustrate why the Third Circuit's interpretation is sufficiently questionable and important to merit review, I offer the following thoughts on the interpretation of the statute in question. As I will explain, it appears to me, based on the review that I have been able to conduct in the time allowed, that the Third Circuit's interpretation is very likely wrong. It seems plainly contrary to the statutory language, but as is almost always the case when we decide whether to grant emergency relief, I do not rule out the possibility that further briefing and argument might convince me that my current view is unfounded. But with that caveat, I will proceed to discuss the statutory language.

The statutory provision in question reads as follows:

> "No person acting under color of law shall . . . deny the right of any individual to vote in any election because of an error or omission on any record or paper related to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election." §10101(a)(2)(B).

This provision has five elements: (1) the proscribed conduct must be engaged in by a person who is "acting under color of law"; (2) it must have the effect of "deny[ing]" an individual "the right to vote"; (3) this denial must be attributable to "an error or omission on [a] record or paper"; (4) the "record or paper" must be "related to [an] application, registration, or other act requisite to voting"; and (5) the error or omission must not be "material in determining whether such individual is qualified under State law to vote in such election." *Ibid.*

The Third Circuit held that the failure to count mail-in ballots that did not include the date on which they were filled out constituted a violation of this provision, but the

Third Circuit made little effort to explain how its interpretation can be reconciled with the language of the statute. In my view, however, it appears that elements 2 and 5 are clearly not met.[1]

I will start with element 2. When a mail-in ballot is not counted because it was not filled out correctly, the voter is not denied "the right to vote." Rather, that individual's vote is not counted because he or she did not follow the rules for casting a ballot. "Casting a vote, whether by following the directions for using a voting machine or completing a paper ballot, requires compliance with certain rules." *Brnovich* v. *Democratic National Committee*, 594 U. S. \_\_\_, \_\_\_ (2021) (slip op., at 16). A registered voter who does not follow the rules may be unable to cast a vote for any number of reasons. A voter may go to the polling place on the wrong day or after the polls have closed. A voter may go to the wrong polling place and may not have time to reach the right place before it is too late. A voter who casts a mail-in ballot may send it to the wrong address. A State's refusal to count the votes of these voters does not constitute a denial of "the right to vote." Even the most permissive voting rules must contain some requirements, and the failure to follow those rules constitutes the forfeiture of the right to vote, not the denial of that right.

Element 5 weighs even more heavily against the Third Circuit's interpretation. This element requires that the error or omission be "material in determining whether such individual is qualified under State law to vote in such election." There is no reason why the requirements that must be met in order to register (and thus be "qualified") to vote should be the same as the requirements that must be met in order to cast a ballot that will be counted. Indeed, it

_____

[1] Elements 1 and 3 are satisfied, but for the reasons explained below, see n. 2, *infra*, the Third Circuit's interpretation is not consistent with the most natural reading of element 4.

would be silly to think otherwise. Think of the previously
mentioned hypothetical voters whose votes were not
counted because they did not follow the rules for casting a
vote. None of the rules they violated—rules setting the date
of an election, the location of the voter's assigned polling
place, the address to which a mail-in ballot must be sent—
has anything to do with the requirements that must be met
in order to establish eligibility to vote, and it would be ab-
surd to judge the validity of voting rules based on whether
they are material to eligibility.

Under Pennsylvania law, a person is qualified to vote if
he or she is at least 18 years old on the day of the election,
has been a citizen of the State for at least one month, has
lived in the relevant election district for at least 30 days,
and is not imprisoned for a felony. See 25 Pa. Cons. Stat.
§1301 (2002). Other requirements must be met in order for
a mail-in ballot to be counted. Among other things, a stat-
ute provides that a voter "*shall* . . . fill out, *date* and sign" a
declaration printed on the outer security envelope in which
the actual ballot is sealed. S. 422, 2020 Gen. Assem., Reg.
Sess. (Pa.), codified at Pa. Stat. Ann., Tit. 25, §3150.16(a)
(emphasis added); see also *Migliori* v. *Lehigh County Bd. of
Elections*, No. 5:22–cv–0397 (ED Pa., Mar. 16, 2022), App.
to Application 23a–24a. The Pennsylvania Supreme Court
has held that the inclusion of the date on which the ballot
was filled out is mandatory and that undated ballots cannot
be counted, see *In re Canvass of Absentee and Mail-in Bal-
lots of Nov. 3, 2020 General Election*, 241 A. 3d 1058 (Pa.
2020), but the Third Circuit held that this state-law rule is
preempted by 52 U. S. C. §10101(a)(2)(B) because the inclu-
sion of a date is not material to the question whether a per-
son is qualified to vote.

Can that possibly be correct? One may argue that the
inclusion of a date does not serve any strong purpose and
that a voter's failure to date a ballot should not cause the

ballot to be disqualified. But §10101(a)(2)(B) does not address that issue. It applies only to errors or omissions that are not material to the question whether a person is qualified to vote. It leaves it to the States to decide which voting rules should be mandatory.

The problem with the Third Circuit's interpretation can be illustrated by considering what would happen if it were applied to a mail-in voting rule that is indisputably important, namely, the requirement that a mail-in ballot be signed. Pa. Stat. Ann., Tit. 25, §3150.16(a). Suppose a voter did not personally sign his or her ballot but instead instructed another person to complete the ballot and sign it using the standard notation employed when a letter is signed for someone else: "p. p. John or Jane Doe." Or suppose that a voter, for some reason, typed his or her name instead of signing it. Those violations would be material in determining whether a ballot should be counted, but they would not be "material in determining whether such individual is qualified under State law to vote in such election." Therefore, under the Third Circuit's interpretation, a ballot signed by a third party and a ballot with a typed name rather than a signature would have to be counted. It seems most unlikely that this is what 52 U. S. C. §10101(a)(2)(B) means.[2]

––––––––––

[2] In light of what I have written about elements 2 and 5, it is unlikely that element 4 must be addressed, but for the sake of completeness, I will add that the language of that provision must be given a strained meaning in order to make it applicable to the validity of a rule about filling out a mail-in ballot. Element 4 demands that a "record or paper" must be "related to [an] application, registration, or other act requisite to voting." 52 U. S. C. §10101(a)(2)(B). A mail-in ballot is a "record or paper," and it does not appear to be related in any direct sense to any "application" or "registration," so the question is whether it is "related to" some "other act requisite to voting." But the casting of a ballot constitutes the act of voting. Indeed, the statute specifies that "the word 'vote' includes all action necessary to make a vote effective including . . .

ALITO, J., dissenting

For these reasons, it appears to me that the Third Circuit's interpretation is very likely incorrect, and I would grant a stay to preserve the opportunity to review that decision prior to the elections in November.

_____

casting a ballot, and having such ballot counted." §10101(e). It is therefore awkward to describe the act of voting as "requisite to the act of voting."